UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUC TERMITUS, JR.,**

    **Petitioner,**

v.                                                           Case No.  6:22-cv-345-CEM-LHP

**SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,**

    **Respondents.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 16) in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 17) and a Supplemental Reply (Doc. 20) to the Response. For the reasons set forth herein, the Petition will be denied.

    **I.**    **PROCEDURAL BACKGROUND**

The Grand Jury in and for the Ninth Judicial Circuit charged Petitioner by indictment in Orange County, Florida with first degree murder with a firearm (Count One), two counts of attempted robbery with a firearm (Counts Two and Three),

fleeing and attempting to elude with willful wanton disregard (Count Four), and third-degree grand theft of a motor vehicle (Count Five). (Doc. 16-1 at 34-37). A jury found Petitioner guilty of all counts. (*Id*. at 786-90). The trial court adjudicated Petitioner guilty of the offenses and sentenced him to life imprisonment on Counts One, Two, and Three; fifteen years' imprisonment on Court Four; and five years' imprisonment on Count Five. (*Id*. at 797-99, 806-08). Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed *per curiam*. (*Id*. at 1252).

Petitioner next filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, arguing that his sentences as to Counts Two and Three were illegal; the trial court denied the motion. (*Id*. at 1257-97). The Fifth DCA vacated Petitioner's sentences as to Counts Two and Three and remanded for resentencing. (*Id*. at 1336-39). The trial court resentenced Petitioner to imprisonment for a term of twenty years as to Count Two (with a twenty-year minimum mandatory provision) and again to life imprisonment as to Count Three. (*Id*. at 1558-64).

While the motion to correct illegal sentence was pending, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Civil Procedure 3.850, which the trial court denied. (*Id*. at 1343-91). The Fifth DCA affirmed *per curiam*. (*Id*. at 959).

While his Rule 3.800 motion and Rule 3.850 motion were pending, Petitioner filed a petition for writ of habeas corpus with the Fifth DCA, which was denied. (*Id*. at 1438-75, 1547).

Petitioner next filed a federal habeas petition in this Court, which was denied. (Case Number 6:13-cv-495-Orl-31KRS). The Eleventh Circuit Court of Appeals affirmed in part and remanded the case based on the Court's failure to address an issue regarding whether counsel was ineffective for failing to address a double jeopardy violation. Upon remand, the Court found that his two convictions for attempted robbery violated double jeopardy. In compliance with the Court's ruling, the state trial court vacated the conviction on Count Two and again sentenced Petitioner to life imprisonment on Count Three. (*Id*. at 1566-70).

Petitioner then filed a second Rule 3.800 motion, which the trial court denied. (*Id*. at 1574-97). The Fifth DCA reversed and remanded for resentencing with directions that the trial court impose the required minimum mandatory as to Count One. (*Id*. at 1614-18).

While Petitioner's Rule 3.800 motion was pending, he filed a second Rule 3.850 motion, which the trial court denied. (*Id*. at 1622-40). The Fifth DCA affirmed *per curiam*. (*Id*. at 1656). Petitioner subsequently filed petitions in the Eleventh Circuit Court of Appeals and in this Court, which were denied. (*Id*. at 1660-68).

Petitioner later appeared for resentencing and was resentenced to life imprisonment on Count One, twenty-five years on Count Three with a twenty-five year minimum mandatory, fifteen years on Count Four, and five years on Count Five. (*Id*. at 1794-99). The Fifth DCA affirmed, and the Supreme Court of Florida denied discretionary review. (*Id*. at 1905-06, 1957).

Finally, Petitioner filed a state petition for writ of habeas corpus, which the Fifth DCA denied. (*Id*. at 1959-72, 1990).

## II. LEGAL STANDARD

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The Antiterrorism Effective Death Penalty Act ("AEDPA") sets forth the standard for granting habeas relief on a claim that the state court has adjudicated on the merits. *See White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). Under AEDPA, a federal court may only grant habeas relief on a claim if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary" to clearly established federal law if the state court "arrives at a conclusion opposite to that reached by" the Supreme Court or decides a case differently than the Supreme Court when faced with a case involving materially indistinguishable facts. *Wellington v. Moore*, 314 F.3d 1256,

1260 (11th Cir. 2002). Moreover, a state court decision constitutes an "unreasonable application" of clearly established federal law, where the court identifies the correct governing principles, but unreasonably applies those principles to a petitioner's case. *Id*. at 1261.

### III.  ANALYSIS

#### A.  Claim One

Petitioner alleges that the "Eighth Amendment requires that a twenty-year old should be held to a different standard of culpability from which is applied to adults." (Doc. at 5). He argues that the "line drawn in *Miller*[1] should be extended to apply to a twenty-year old defendant." (*Id*. at 6). This claim was raised on direct appeal from Petitioner's resentencing.

In *Graham v. Florida*, 560 U.S. 48 (2010), the Supreme Court held that the imposition of a life without parole sentence on a juvenile offender who did not commit a homicide constitutes cruel and unusual punishment. *Id*. at 74. Subsequently, in *Miller*, the Supreme Court held that a mandatory life without parole sentence for a juvenile offender violated the Eighth Amendment's prohibition on cruel and unusual punishment. However, "courts have consistently declined to extend the holdings of *Graham* and *Miller* and the applicability of the juvenile

---

[1] *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eight Amendment's prohibition on cruel and unusual punishments).

sentencing statutes to offenders eighteen years of age or older." *Marshall v. State*, 277 So. 3d 1149, 1151 (Fla. 1st DCA 2019).

"[T]he highest courts of the country and the state have drawn the line at 18 years of age, with respect to consideration of the special characteristics of youthfulness for sentencing purposes, in the context of the Eighth Amendment." *Hicks v. Robertson*, No. 121CV01276AWISKOHC, 2022 WL 1094171, at *17 (E.D. Cal. Apr. 12, 2022). Moreover, the United States Supreme Court has not determined that young adult offenders have a right to the same consideration as juvenile offenders for sentencing purposes. *Miller*'s holding applied only to juvenile offenders; Petitioner was not a juvenile offender. Here, Petitioner's argument that *Miller* should be extended to young adults, without citation to any binding precedent, is insufficient to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, Claim One will be denied.

### B.     Claim Two

Petitioner argues that he was denied due process under *Giglio*[2] "when the State intentionally tried to establish a false testimony violation." (Doc. 1 at 9). He contends

---

[2] *Giglio v. United States*, 405 U.S. 150, 154–55 (1972).

that the State "failed to correct the false testimony presented by witness Ms. Stacy Rossman which was false and misleading." (*Id*.).

Petitioner did not raise this claim with the state courts, and it procedurally defaulted. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (a state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default). To excuse the default, Petitioner must establish (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, meaning actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011).

Petitioner has not shown the requisite cause and prejudice to excuse his procedural default. Nor has Petitioner established a fundamental miscarriage of justice. That alternative method of escaping procedural default requires a colorable showing of actual innocence, which Petitioner has not made. *See Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Consequently, Clam Two will be denied as procedurally defaulted.

C.   **Claim Three**

Petitioner argues that he "was denied due process under a defective indictment, where state officials failed to affix the proper seal and notary of the state of Florida on indictment, which is fixed on all state documents." (Doc. 1 at 12).

This claim was not raised in the state courts. In the Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel filed in the Fifth DCA, Petitioner argued that appellate counsel was ineffective for failing "to attack and argue the trial court['s] error where state officials failed to affix the proper seal and notary of the State of Florida, on indictment." (Doc. 16-1 at 1961). However, he never argued the claim presented here. In other words, Petitioner did not present this claim independently in the state courts; rather, he argued his appellate counsel was ineffective for failing to raise this claim on appeal.

To "satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 277-78. A petitioner "fairly presents the substance of his federal claim when he describes the claim such that [the state courts] are permitted the opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelley v. Sec'y Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (quotations omitted) (citations omitted). Petitioner did not fairly present this claim to the state courts, and it is unexhausted and procedurally defaulted.

Petitioner has not shown the requisite cause and prejudice to excuse his procedural default. Nor has Petitioner established a fundamental miscarriage of justice. Consequently, Clam Three will be denied as procedurally defaulted.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot demonstrate that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### V. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

4. Petitioner is **DENIED** a certificate of appealability in this case.

**DONE** and **ORDERED** in Orlando, Florida on June 16, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party